IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JASPER D. JONES                                                                    PLAINTIFF

v.                                          Civil No. 1:18-cv-1027

CAMERON OWENS, Jail Administrator,
Ouachita County Jail; CHRIS WILLIAMS,
Supervisor, Ouachita County Jail; and
LANCE E. EBERLY, Jailer, Ouachita
County Jail                                                                        DEFENDANTS

## ORDER

Plaintiff Jasper D. Jones filed this 42 U.S.C. § 1983 action *pro se* on May 3, 2018. (ECF No. 1). On December 27, 2018, Defendants Cameron Owens, Chris Williams, and Lance E. Eberly filed a Motion for Summary Judgment. (ECF No. 13). The following day, the Court entered an order directing Plaintiff to file a Response to Defendants' summary judgment motion on or before January 18, 2019. (ECF No. 16). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). The Court's order has not been returned as undeliverable. To date, Plaintiff has not responded to Defendants' summary judgment motion and his Court-ordered time to do so has passed. Plaintiff has likewise not moved for an extension of his time to respond to the summary judgment motion.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of January, 2019.

> /s/ Susan O. Hickey  
> Susan O. Hickey  
> United States District Judge